# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SCOTT KOCIAN,**

             **Petitioner,**

      **v.**                         **Case No. 17-CV-1769**

**BRAD SCHIMEL,**

             **Respondent.**

# RECOMMENDATION

Petitioner Scott Kocian was ordered to file an amended petition that listed each ground for relief he intends to seek by writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 9.) Kocian filed his amended petition on February 26, 2018. (ECF No. 13.) The court must now screen the amended petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Kocian was charged with one count of first-degree sexual assault of a ten-year-old child, H.S. Pursuant to a plea agreement, he pleaded guilty to an amended charge of

second-degree sexual assault of a child. In July 2013 he was sentenced to four years of initial confinement and ten years of extended supervision.

Kocian alleges a Fourth Amendment violation based on an unlawful search and seizure, a Fifth and Fourteenth amendment due process violation based on inaccurate information at sentencing, and a Sixth Amendment violation based on ineffective assistance of counsel.

As stated above, Kocian's Fourth Amendment claim is based on an unlawful search and seizure:

> When the Brown County Sherriff's Department kicked in my door at my [residence] and search[ed] for a bloody towel and other items … there was no bleeding and the hymen was noted on H.S. Brown County Sherriff's Department knew H.S. was lying at that time, but the Sherriff's Department still went ahead and searched my residence on the date of 7/20/12 upon false allegations.

(ECF No. 13 at 2-3.) "In *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), the Supreme Court established a general rule that criminal defendants may not seek collateral review of Fourth Amendment exclusionary rule claims under § 2254 if they received 'an opportunity for full and fair litigation of' their Fourth Amendment claims in state court." *Turentine v. Miller*, 80 F.3d 222, 225-26 (7th Cir. 1996) (quoting *Stone*, 424 U.S. at 494). "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence that was

obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. at 481-82.

In *Weber v. Murphy*, 15 F.3d 691 (7th Cir. 1994), *cert. denied*, 511 U.S. 1097 (1994), the United States Court of Appeals for the Seventh Circuit established a test for determining when a § 2254 petitioner has received a full and fair opportunity to litigate a Fourth Amendment claim in state court. First, the petitioner must "clearly inform[] the state court of the factual basis for…[his] claim and…argue[] that those facts constitute a violation of…[his] fourth amendment rights." *Id.* at 694 (quoting *Pierson v. O'Leary*, 959 F.2d 1385, 1391 (7th Cir. 1992), *cert. denied*, 506 U.S. 857 (1992)). If he has clearly presented the issue, then the court considers whether "the state court has carefully and thoroughly analyzed the facts and…applied the proper constitutional case law to the facts." *Id.*

Kocian acknowledges that his Fourth Amendment claim was not raised in the state courts. As a result, any right to review of that claim was forfeited. Relief for Fourth Amendment violations at this point would be available, if at all, only in the form of a claim for ineffective assistance of counsel. *See Edmonson v. Baenen*, No. 13-C-513, 2013 WL 2450095, at *1 (E.D. Wis. June 5, 2013) (dismissing Fourth Amendment claim raised in habeas petition for the first time). Although Kocian's petition does allege ineffective assistance of counsel, he does not allege that his counsel was ineffective for failing to object to evidence presented as a result of an unlawful search.

However, having reviewed the remaining portions of Kocian's petition, the court is unable to say that it is plainly apparent that Kocian is not entitled to relief for his due process and ineffective assistance of counsel claims. Kocian alleges a Fifth Amendment and Fourteenth Amendment due process violation, based on inaccurate information used at sentencing. There is a due process right to be sentenced based on reliable information. *See, e.g., Ben-Yisrael v. Buss*, 540 F.3d 542, 554 (7th Cir. 2008). Therefore, the court cannot say from the face of the petition that Kocian fails to state a due process claim or presents a factually frivolous due process claim. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).

Kocian additionally alleges a Sixth Amendment violation, made applicable to the states through the Fourteenth Amendment, based on ineffective assistance of counsel—specifically, his trial attorneys' improper handling of discovery, which caused him to be coaxed into foregoing a jury trial and changing his plea to guilty. (ECF No. 13-1 at 1-2.) Kocian alleges his attorneys' failure to introduce the victim's conflicting statements, failure to introduce the "S.A.N.E.," failure to object to a statement from the victim's mother, failure to investigate evidence related to the victim's white blood cell count, withholding evidence from Kocian, and a false statement by one of Kocian's attorneys, led to Kocian's inability to make an informed decision to change his plea to guilty. *Cf. Adams v. United States*, No. 15-C-70, 2015 U.S. Dist. LEXIS 12398, at *4 (E.D. Wis. Feb. 3,

2015) (dismissing a petition where petitioner did not describe the evidence his attorney failed to uncover that would have impacted petitioner's decision to plead guilty).

In sum, though Kocian does not state a cognizable Fourth Amendment ground for relief, it is recommended that the respondent be ordered to answer the petition with regard to Kocian's due process and ineffective assistance of counsel claims.

**IT IS THEREFORE RECOMMENDED** that Kocian's Petition for a Writ of Habeas Corpus based on his Fourth Amendment ground for relief be **dismissed**.

**IT IS FURTHER RECOMMENDED** that Kocian be allowed to proceed on his Petition for a Writ of Habeas Corpus based on his due process and ineffective assistance of counsel grounds for relief.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 8th day of March, 2018.

_WILLIAM E. DUFFIN_
WILLIAM E. DUFFIN
U.S. Magistrate Judge