# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SCOTT KOCIAN,
        Petitioner,

v.                                                    Case No. 17-C-1769

STEPHANIE HOVE,
        Respondent.[1]

## DECISION AND ORDER

Scott Kocian petitions for a writ of habeas corpus under 28 U.S.C. § 2254. Before me now is the respondent's motion to dismiss the petition as untimely. Alternatively, the respondent argues that the petitioner has procedurally defaulted his claims and that one of his claims is not cognizable. Because I agree with the respondent that the petition must be dismissed as untimely, I do not consider her alternative arguments.

## I. BACKGROUND

The petitioner pleaded guilty to one count of second-degree sexual assault of a child. The Brown County Circuit Court sentenced him to four years of initial confinement and ten years of extended supervision. The petitioner is currently serving the extended-supervision portion of his sentence.

The petitioner was sentenced on July 30, 2013. Under Wisconsin law, the petitioner had 20 days from sentencing to file a notice of intent to pursue postconviction relief, which in Wisconsin is the first step in the direct-appeal process. *See* Wis. Stat.

---

[1] Because the petitioner is on extended supervision, I have substituted Stephanie Hove, the Administrator of the Wisconsin Department of Corrections' Division of Community Corrections, as the respondent.

§ 809.30(2)(b); *State v. Quackenbush*, 278 Wis. 2d 611, 621 (Ct. App. 2004) (failure to file timely notice of intent to pursue postconviction relief "effectively precludes direct review of a criminal conviction"). The petitioner did not file such a notice within 20 days of his sentencing. However, almost nine months later, on April 16, 2014, the petitioner filed a document entitled "notice of intent to pursue postconviction relief." ECF No. 22-2. The Wisconsin Court of Appeals construed this document as a motion to extend the time to file the notice of intent to pursue postconviction relief, and it denied the motion on the ground that the petitioner had not shown good cause for the extension. *See* ECF No. 22-3.

The petitioner filed a motion for reconsideration with the court of appeals. In his motion, he alleged that, after sentencing, he tried to contact his attorney to tell him to file a timely notice of intent. The court of appeals directed the petitioner's attorney to respond to this allegation. In his response, the petitioner's attorney stated that he had talked with the petitioner after sentencing and that the petitioner had told him he did not want to pursue postconviction relief. Because the petitioner's motion and the attorney's response revealed a factual dispute over whether the petitioner instructed his attorney to file the notice of intent, the court of appeals referred the motion to the Brown County Circuit Court for a hearing. That court found that the petitioner did not timely inform his lawyer that he wished to pursue postconviction relief. Given this factual finding, the Wisconsin Court of Appeals denied the petitioner's motion to reconsider its rejection of his request to extend the time to file the notice of intent. It entered this order on August 12, 2014.

After the court of appeals entered the order, the petitioner asked it for advice on how to pursue his claims. On October 30, 2014, the court of appeals informed the petitioner that it did not give legal advice but that he should consider filing a motion for postconviction relief under Wis. Stat. § 974.06. On March 12, 2015, the petitioner filed such a motion with the Brown County Circuit Court. The court denied the motion, and the petitioner appealed. On February 1, 2017, the court of appeals affirmed the denial of the motion. The petitioner sought review by the Wisconsin Supreme Court, which the court denied in an order dated October 9, 2017.

The petitioner filed the present action for federal habeas relief on December 16, 2017.

## II. DISCUSSION

Under 28 U.S.C. § 2244(d), a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court is subject to a one-year limitation period. In the present case, the limitation period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2254(d)(1)(A). Here, the petitioner did not timely file his notice of intent to pursue postconviction relief, and for that reason the Wisconsin appellate courts did not directly review his conviction. Thus, the petitioner's judgment became final when the time for seeking direct review expired. The time for seeking direct review expired 20 days after sentencing, *see* Wis. Stat. § 809.30(2)(b), and therefore, for purposes of § 2244(d), the petitioner's conviction became final on August 20, 2013.

The petitioner did not file his federal habeas petition until December 16, 2017, more than four years after his conviction became final. Thus, the unless the petitioner can show that a tolling doctrine applies and tolls the bulk of this more-than-four-year period, his petition must be dismissed as untimely. Two tolling doctrines could apply. The first is statutory tolling under 28 U.S.C. § 2244(d)(2). The second is equitable tolling.

Under § 2244(d)(2), a petitioner is entitled to tolling of any period "during which a properly filed application for State post-conviction or other collateral review" is pending. The petitioner does not qualify for tolling under this provision. After he was convicted, the first thing he filed in state court was his untimely notice of intent to pursue postconviction relief, which the court of appeals construed as a motion to extend the time to file the notice of intent. This document was filed while time remained in the federal one-year period, but it was not an application for "collateral review." For purposes of § 2244(d)(2), "collateral review" means judicial review of a judgment in a proceeding that is not part of direct review. *Wall v. Kholi*, 562 U.S. 545, 547 (2011). In Wisconsin, the notice of intent to pursue postconviction relief is the first step in the direct-review process. *See State ex rel. Kyles v. Pollard*, 354 Wis. 2d 626, 635 (2014); *Quackenbush*, 278 Wis. 2d at 621. Thus, to the extent that the petitioner's motion was an application for a form of review, it was an application for direct review rather than collateral review and would not qualify as an application that would toll the federal period under § 2244(d)(2).

In any event, even if the petitioner were entitled to statutory tolling of the period during which his motion to extend the time to file the notice of intent was pending, his

4

federal petition would still be untimely. The federal period began to run on August 20, 2013. The petitioner filed his motion to extend on April 16, 2014. By this time, 239 days of the federal period had lapsed. Proceedings on the motion ended on August 12, 2014, when the court of appeals denied his motion to reconsider its denial of the motion to extend. If the petitioner were entitled to statutory tolling, the federal period would have resumed running on August 13, 2014. The petitioner did not file anything else that could be construed as a properly filed application for collateral review until March 12, 2015, when he filed a motion under Wis. Stat. § 974.06 in the trial court. The period between the denial of the motion for reconsideration and the filing of the § 974.06 motion consisted of 211 days. Thus, by the time the petitioner filed his § 974.06 motion, the federal clock had been running for more than one year (239 days + 211 days = 450 days). Accordingly, statutory tolling of the time during the pendency of the motion to extend the time to file the notice of intent would not render the federal petition timely.[2]

Although the petitioner does not raise this issue, I also consider whether his conviction did not become final by the expiration of the time for seeking direct review until the Wisconsin Court of Appeals finally denied his motion to extend the time for filing the notice of intent to pursue postconviction relief. Under this scenario, the federal period would not have begun to run until August 12, 2014, when the court of appeals denied the petitioner's motion for reconsideration of its earlier denial of his motion to extend time. This scenario would make the current petition timely if the petitioner's Wis.

---

[2] Because the federal limitation period had already run out by the time the petitioner filed his § 974.06 motion, the § 974.06 motion had no effect on the timeliness of his federal petition, even if it was a properly filed application for state collateral review. *See De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) ("a state proceeding that does not begin until the federal year has expired is irrelevant").

Stat. § 974.06 motion was a properly filed application for postconviction review, since only 211 days elapsed between August 12, 2014 and the date on which the motion was filed, and only an additional 68 days elapsed between the conclusion of proceedings on the § 974.06 motion and the date on which the petitioner filed his federal petition.

However, this scenario is not compatible with the Supreme Court's understanding of § 2244(d)(1)(A). The Court has held that "the possibility that a state court may reopen direct review 'does not render convictions and sentences that are no longer subject to direct review nonfinal.'" *Jimenez v. Quarterman*, 555 U.S. 113, 120 n.4 (2009) (quoting *Beard v. Banks*, 542 U.S. 406, 412 (2004)). Here, the petitioner forfeited his right to direct review when he failed to file a timely notice of intent to pursue postconviction relief by August 19, 2013. Under *Jimenez* and *Beard*, the possibility that the Wisconsin Court of Appeals might later grant his request to file an untimely direct appeal did not render his conviction nonfinal. Instead, the petitioner's conviction became final for purposes of § 2244(d) on August 20, 2013, after the time for filing a timely notice of intent to pursue postconviction relief expired.

Finally, I consider whether the petitioner is entitled to equitable tolling of the limitation period. He would be only if he could show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The petitioner has not attempted to make either of these showings. Moreover, I have reviewed the record and see no grounds for equitable tolling. Accordingly, the petition must be dismissed as untimely.

## III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the respondent's motion to dismiss the petition is **GRANTED**. The Clerk of Court shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that the petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 17th day of December, 2018.

    s/Lynn Adelman_____
    LYNN ADELMAN
    United States District Judge